IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN, 1491459, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-1295-M |
| | ) | ECF |
| THIFFINEY DART TRANSIT OFFICIALS and | ) | |
| DART TRANSIT, | ) | |
|         Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSION**

**I.    FACTUAL BACKGROUND**

Plaintiff filed this complaint to recover for personal injuries. On July 21, 2009, the Court sent Plaintiff a notice of deficiency because Plaintiff failed to either pay the filing fee or file a proper motion to proceed *in forma pauperis*. On July 28, 2009, the notice of deficiency was returned to the Court as undeliverable because Plaintiff is no longer incarcerated at the address he provided to the Court. Plaintiff has not provided the Court with any alternative address.

**II.    DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua*

*sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to provide the Court with a current address. Accordingly, his complaint should be dismissed for want of prosecution.

### RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 21st day of August, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).